IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LATIEKA NESMITH,

      Plaintiff,

v.                                                              CASE NO. 5:18-cv-5-RH-GRJ

BAY CREDIT UNION, et al.,

      Defendants.

_____/

## ORDER & REPORT AND RECOMMENDATION

Pending before the Court is ECF No. 5, Plaintiff's *pro se* first amended complaint, ECF No. 2, Plaintiff's motion for leave to proceed in forma pauperis, and ECF No. 6, Plaintiff's affidavit of financial status.

Upon review of the motion for leave to proceed as a pauper and affidavit of financial status, the Court finds that Plaintiff is unable to prepay the costs of this action pursuant to 28 U.S.C. § 1915(a). Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, is therefore granted.

This is not Plaintiff's first time before this Court. In May 2017, Plaintiff filed a complaint under 42 U.S.C. § 1983 against Bay Credit Union and two of its employees, alleging they violated her rights under the Fourth

Amendment and unlawfully discriminated against her. *See Brimage-Nesmith v. Bay Credit Union*, No. 5:17-cv-104-RH-GRJ, ECF No. 7 (N.D. Fla. May 8, 2017). In that case Plaintiff claimed that after she bounced a $400.00 check for payment on a car loan, the employees submitted an affidavit to law enforcement to have a warrant issued for Plaintiff's arrest for a bounced check. *See id.* Plaintiff alleged that one of the employees told her that if she paid $2,900.00 they would recall the arrest warrant. *Id.* Plaintiff eventually paid Bay Credit Union the $400.00 that she owed. *Id.* Plaintiff claimed that due to her race, Defendants had attempted to defraud her by making her pay a debt that had already be placed on her credit report. *Id.*

The Court dismissed that case for multiple reasons. As the Court pointed out there the named defendants did not qualify as state actors for § 1983 purposes. *See* No. 5:17-cv-104-RH-GRJ, ECF Nos. 8, 13–14. Second, in the previous case Plaintiff did not—and could not—state a Fourth Amendment claim because Defendants did not arrest her and probable cause would have been present to arrest Plaintiff because she did not deny that she issued a check drawn on an account with insufficient funds. *See id.* Third, the Court concluded that even liberally construed as a

malicious prosecution claim, Plaintiff did not allege that the charges upon which the warrant was based were resolved in her favor. *Id.* Additionally, as the Court advised in the order dismissing her precious case, evidence that a person committed the act provides probable cause to arrest the person, even without further evidence of intent. *Id.* Fourth, the Court concluded that Plaintiff did not allege that anything placed on her credit report was false or otherwise unlawful. *Id.* Lastly, Fifth, the Court advised Plaintiff that if she was attempting to raise a claim for fraud, the Court lacked jurisdiction over the state law claim. *Id.*

The first amended complaint alleges similar, but significantly fewer and more vague factual allegations than her prior case. In the amended complaint Plaintiff claims Bay Credit Union discriminated against her based on her race and age. (ECF No. 5.) Plaintiff says Defendant lied to her then followed company policy and simply ended her contract once the bank got her car back. She claims "a slew of things follow[ed]," which made her feel like her rights were violated. She requests $10,000,000 dollars as relief.

While the Court is sympathetic to Plaintiff's claim that she was mistreated by the credit union, her amended complaint does not state a federal claim. Plaintiff makes no reference to any alleged constitutional

violation. Even if she had Plaintiff cannot sue Bay Credit Union under §

1983 because it is not a state actor. Plaintiff's amended complaint also

fails to allege a plausible claim for fraud or malicious prosecution. And

even if Plaintiff could allege a claim for fraud should cannot proceed in

federal court because there is no diversity of citizenship between the

Plaintiff and the Defendant.

The Court advised Plaintiff about these deficiencies in its prior order

to amend. (ECF No. 4.)[1] The Court also advised Plaintiff that

> to the extent Plaintiff is attempting to resurrect the claims in her
> prior case,[2] which the Court dismissed, she should give serious
> thought to her decision because if so, her claims will be
> dismissed for the same reasons. If, however, she intends to
> raise different claims she may do so in her amended complaint.
> Simply alleging that the bank and its employees took her
> money and then kept a warrant on her will not, however, win
> the day.

(*Id.* at 4–5.)

The instant amended complaint fails to remedy any of these

deficiencies and instead appears to be an attempt to resurrect her prior

case. Thus, while the Court would normally allow a *pro se* litigant an

---

[1] The Court also noted that it appeared "highly unlikely that Plaintiff will be able to state a cognizable claim." (ECF No. 4 at 4.)

[2] No. 5:17-cv-104-RH-GRJ.

opportunity to amend her complaint, providing Plaintiff another chance to amend here would be futile.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED**; and

It is respectfully **RECOMMENDED** that this case should be dismissed for failure to state a claim.

**IN CHAMBERS** this 25th day of January 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**