IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LATIEKA NESMITH,

    Plaintiff,

v.                                            CASE NO. 5:18cv5-RH/GRJ

BAY CREDIT UNION et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This case is before the court on the magistrate judge's report and recommendation ECF No. 7, and the objections, ECF No. 10. I have reviewed de novo the issues raised by the objections.

The complaint apparently alleges only a state-law claim. The complaint alleges jurisdiction based on diversity of citizenship and explicitly does not allege federal-question jurisdiction. But the complaint also alleges that the defendant Bay Credit Union is a citizen of Florida and that the individual defendant—an employee of the credit union—resides in Florida. It is likely both defendants are citizens of Florida. The complaint does not allege that the plaintiff is a citizen of any state, instead saying only that the plaintiff is a citizen of the United States. But

the plaintiff lists her address in Florida. It seems unlikely that she is a citizen of a different state. In short, it is unlikely that the case is within the court's diversity jurisdiction.

The complaint apparently does not assert a constitutional claim. And the report and recommendation correctly concludes that the plaintiff could not plausibly allege a constitutional claim on which relief can be granted. The reason is that the defendants are private actors; the plaintiff has not alleged that the defendants acted under color of law.

In the objections, the plaintiff asserts the defendants treated her adversely because of her race. If the credit union treated her adversely based on her race, the credit union may have violated the Civil Rights Act of 1964. But the complaint itself makes no reference to race, and the plaintiff has not alleged, in the complaint or even in the objections, facts plausibly suggesting her treatment was related to race. Referring a bounced check for prosecution, without more, is not unlawful. The plaintiff has not alleged the credit union referred only African Americans for prosecution or even that the bank knew her race. In short, the complaint fails to state a claim on which relief can be granted.

The plaintiff has not asked for leave to amend or suggested that she can allege facts that would support a claim. As noted in the report and recommendation, this is the plaintiff's second lawsuit arising from the same $400

transaction. If the plaintiff asserts she is not a citizen of Florida, or that the parties on opposite sides of the case are in fact citizens of different states, or if the plaintiff can allege facts plausibly suggesting that she was treated adversely because of her race, she may move to alter or amend the judgment that will be entered based on this order.

For these reasons,

IT IS ORDERED:

The report and recommendation is accepted and adopted as the court's further opinion. The clerk must enter judgment stating, "This case is dismissed for lack of jurisdiction." The clerk must close the file.

SO ORDERED on April 1, 2018.

s/Robert L. Hinkle  
United States District Judge